ANNIE M. RODERICK *vs.* HORACE M. PAINE.

Kennebec. Opinion July 8, 1922.

*An agreement made in consideration of marraige not in writing is in violation of the statute of frauds and is void.*

An oral promise by a man to a woman, to whom he has proposed marriage, to purchase and give to her an automobile in consideration of marriage, followed by purchase by him, and gift by him to her, of said automobile after marriage, is void under R. S., Chap. 114, Sec. 1, Par. III, and will not support an action by the woman against the man, after dissolution of the marriage by divorce, to recover an amount which the woman paid to redeem the automobile from a mortgage given by the donor to the dealer of whom the automobile was purchased.

On exceptions by plaintiff. This is an action to recover the amount paid by plaintiff to redeem a certain Ford automobile. The plaintiff, a widow, was living with her brother in Lewiston and in the autumn of 1919 became acquainted with the defendant, who proposed marriage, and before the marriage was consummated, promised the plaintiff that he would buy and give to her as a gift an automobile, which he did do, but gave at the time of its purchase a mortgage to the party of whom he made the purchase, the plaintiff not having knowledge of the mortgage. Afterwards a divorce was granted, and the automobile was taken from the plaintiff on a writ of replevin by the mortgagee who instituted foreclosure proceedings, and the plaintiff to redeem the automobile paid to the mortgagee the money sued for in this action. Counsel for defendant moved for a directed verdict for defendant. The promise was not in writing, being an oral one only, and the presiding Justice granted said motion, and directed a verdict for defendant, and plaintiff excepted. Exceptions overruled.

The case is stated in the opinion.

*G. R. Grua, Andrews, Nelson & Gardiner,* for plaintiff.

*F. W. Butler,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

MORRILL, J. The parties were formerly husband and wife; during that relation the defendant gave to the plaintiff an automobile, which, unknown to plaintiff, was subject to a mortgage given by the husband to the party of whom he purchased the car. After the marriage relation had been terminated by decree of divorce, the mortgagee took the car from the possession of plaintiff and began foreclosure proceedings; she then paid him $981.36 to redeem the car. This action of assumpsit was brought to recover the sum so paid, with interest. At the conclusion of the plaintiff's case the presiding Justice directed the jury to return a verdict for defendant. The case is before us upon exceptions to this ruling.

The ruling was clearly right. As between the parties the car was a gift from the husband to the wife. There was no implied warranty that the car was free from encumbrance.

The defendant's liability, if any, must rest upon some contract between the parties. The only contract between them, from which an undertaking on his part could arise that the car would be free of incumbrance, is thus stated by the plaintiff: "If I should marry him, it (the car) was mine and he would give it to me, and he agreed that if I would marry him that he would give me the car as mine, for me to go and come with as I wanted to." This agreement was made in January 1920; the parties were married February 7, 1920. The car was purchased in May following.

The agreement was unquestionably made in consideration of marriage, and not being in writing, was void under R. S., Chap. 114, Sec. 1, Par. III. *Lloyd* v. *Fulton*, 91 U. S., 479. Law. Ed. Book 23, Page 363. In re Willoughby, 11 Paige Ch. 257.

*Exceptions overruled.*